Frederick P. Corbit
**Frederick P. Corbit**
**Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| SPOKANE INDUSTRIES LLC, | Case No. 26-00116 |
| Debtor. | INTERIM ORDER: (1) AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, (2) APPROVING POSTPETITION LOAN FACILITY, AND (3) SETTING A FINAL HEARING |

This matter came before the Court on the motion ("Motion") of Spokane Industries LLC (the "Debtor"), debtor-in-possession herein, pursuant to §§ 105, 361, 362, 363 and 364 of Title 11 of The United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order authorizing, on an interim basis, Debtor's use of cash collateral pursuant to a Budget, authorizing Debtor to grant, on an interim basis, adequate protection in favor of the Secured Parties, and to approve Debtor's postpetition financing. The Court has reviewed the files and records herein and makes the following findings of fact and reaches the following

INTERIM ORDER AUTHORIZING USE OF CASH
COLLATERAL – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2943 ja28db013x

conclusions of law based on the written submissions of Debtor and representations made at the hearing on the Motion[1]:

## FINDINGS AND CONCLUSIONS

A. Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code("Case") on January 22, 2026 (the "Petition Date"). Debtor retains control over its assets and continues to operate its business pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

B. Debtor sent notice of the hearing on the Motion to each of the Secured Parties, the U.S. Trustee, the U.S. Attorney's Office, the twenty largest unsecured creditors, and state and federal taxing authorities. Such notice is adequate and reasonable under the circumstances.

C. The Secured Parties assert an interest in the Debtor's cash collateral.

D. As detailed in the Motion and demonstrated by the Budget, Debtor requires the use of cash collateral including the proceeds of post-Petition Date financing (the "Cash Collateral") to continue its ongoing operations in the ordinary course of business, and to avoid disruption of such operations. The Debtor is unable to obtain unsecured credit or financing, and the Court finds and concludes that Debtor and the estate will suffer immediate and irreparable harm if the relief approved hereby is not granted.

E. Pursuant to the terms of this order, the Debtor has proposed to obtain the DIP Loan from William and Christine Martz (the "DIP Lender"). The DIP Lender has

---

[1] Any capitalized terms in the order that are not defined herein shall have the meaning ascribed in the Motion.

INTERIM ORDER AUTHORIZING USE OF CASH
COLLATERAL – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2943 ja28db013x

agreed to make and provide the DIP Loan upon the terms and conditions set forth below. The following are the material terms:

1. **Loan Amount:** $2,000,000.

2. **Maturity Date:** Earlier of: a) December 31, 2030; b) confirmation of a Chapter 11 Plan proposed by a party other than the Debtor; c) sale of all or substantially all of the Debtor's assets; d) appointment of a Trustee in this Case; or e) conversion of this case to a case under Chapter 7.

3. **Interest Rate:** The Federal Judgement Interest Rate, currently 4.21% per annum.

4. **Payments:** None for the 12 months following approval; Principal and interest repaid in 48 monthly payments thereafter.

5. **Fees:** None.

6. **Collateral:** None.

7. **Advances:** Single Advance (non-revolving).

8. **Priority:** Claim under § 507(b) of the Bankruptcy Code.

9. **Prepayment:** No penalty.

F. Based upon its conversations with Pathward and after considering other potential sources of lending, the Debtor believes that the favorable terms provided by the DIP Lender are significantly better than any terms the Debtor could otherwise obtain. The DIP Lender is not an insider of the Debtor and all negotiations were conducted at arms' length and in good faith. As such, the DIP Loan will be deemed to have been made and entered into in good faith as required by, and within the meaning

INTERIM ORDER AUTHORIZING USE OF CASH
COLLATERAL – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2943 ja28db013x

of, section 364(e) of the Bankruptcy Code, and the DIP Lender is entitled to the protections of section 364(e) of the Bankruptcy Code.

G. The terms of the DIP Loan are fair and reasonable, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

H. This Court concludes that entry of this Order is in the best interests of the Debtor's creditors and its estate because its implementation, among other things, will allow for the Debtor to remain in business by providing the working capital necessary to sustain ongoing working-capital requirements, provide funds for the Debtor to make capital expenditures, and to partially fund the expenses of this Chapter 11 case. Absent the entry of this Order, the Debtor's estate would be immediately and irreparably harmed.

I. The Cash Collateral is considered "cash collateral" under section 363(a) of the Bankruptcy Code. Debtor represents that it is unable to obtain unsecured financing and, except for the Cash Collateral including the DIP Loan, has no source from which to fund the budgeted expenses necessary to preserve and protect the assets of the estate. The Debtor requires use of both Cash Collateral and the proceeds of the DIP Loan to continue its operations uninterrupted and to avoid irreparable harm to its business and its estate.

J. Pursuant to §§ 361, 362, 363 and 364 of the Bankruptcy Code, Debtor seeks to provide adequate protection of the Secured Parties' interests in the Cash Collateral on the terms provided for herein and in accordance with the budget attached to the Turner Declaration.

INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2943 ja28db013x

K.     As part of the Budget and the Debtor's request to use Cash Collateral, Debtor proposes to create and fund a professional fund ("Professional Fund") on a postpetition basis to pay quarterly fees owing to the United States Trustee and the professional fees and costs incurred by the Debtor or the Official Unsecured Creditors Committee ("Committee") as the Court may authorize and allow by subsequent order following notice and hearing. Debtor proposes to deposit all funds budgeted for the Professional Fund with Bush Kornfeld LLP, attorneys for the Debtor, where such funds would be held in trust pending further order of the Court following notice and hearing.

L.     This Court has jurisdiction over these proceedings and the parties and property affected by this Order pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

M.     All of the proposed relief proposed by the Court with respect to Cash Collateral use, grant of adequate protection to the Secured Lender, or the terms of the DIP Loan Documents is consistent with this Court's Guidelines for Cash Collateral and Financing Stipulations.

N.     Based on the record before this Court, including the Budget, the fact that ongoing operations will continue to maximize the value of the Debtor's assets and estate, and the granting of adequate protection as set forth herein, the Court finds that, on an interim basis, the interests of the Secured Party are adequately protected, as contemplated by §§ 361, 362, 363 and 364 of the Bankruptcy Code.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2943 ja28db013x

**ORDER**

Based on the foregoing findings, it is ORDERED as follows:

1.     Motion Granted. The Motion is granted on an interim basis pursuant to the terms and conditions of this order ("Interim Order") with respect to both the Debtor's proposed use of Cash Collateral, grant of Adequate Protection, and the DIP Loan.

2.     Use of Cash Collateral and DIP Loan. Subject to the terms and conditions of this Interim Order, Debtor is authorized to use Cash Collateral including the proceeds of the DIP Loan (a) during the Interim Period (as defined below), and (b) for the purposes identified in the Budget. The "Interim Period" begins on the date of the entry of this Interim Order and ends on the Termination Date (as defined below).

3.     Carve-Out. The Debtors are also authorized to use Cash Collateral including the proceeds of the DIP Loan to pay the following costs, fees and expenses (collectively, the "Carve-Out"): (a) the unpaid fees due and payable to the Clerk of the Court and the Office of the United States Trustee pursuant to 28 U.S.C. § 1930; and (b) contributions to the Professional Fund to the extent authorized under the Budget through the Termination Date.

4.     Adequate Protection. As adequate protection for the Debtor's use of Cash Collateral:

     a.     The Debtor shall provide Pathward with financial and other reporting in compliance with the Loan Documents.

     b.     The Secured Parties are hereby granted valid, binding, enforceable and perfected replacement liens on and security interests (the

INTERIM ORDER AUTHORIZING USE OF CASH
COLLATERAL – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2943 ja28db013x

"Adequate Protection Liens") in all Collateral acquired after the Petition Date including but not limited to the Cash Collateral to secure the amount equal to the decrease, if any, in the value of a Secured Party's interest in the Collateral, including any decrease resulting from the stay of action with respect to, use of, sale of, lease by, or grant of a lien on any Collateral (the "Adequate Protection Obligations").

c. The Adequate Protection Liens shall have priority over all liens, claims, encumbrances, and interests of every kind and nature, whether created before or after the Petition Date, junior and subject only to (a) any valid, enforceable, perfected and unavoidable lien on Debtor's assets and property in existence as of the Petition Date or duly perfected after the Petition Date in accordance with section 546(b) of the Bankruptcy Code, and (b) the money in the Professional Fund, and shall be effective as of the date of the entry of this Interim Order without any further action by the Debtors or a Secured Party and without the necessity of the execution, filing or recordation of any financing statements, security agreements, lien applications or other documents.

d. In accordance with section 552(b) of the Bankruptcy Code, proceeds, products, offspring and profits of the Collateral—and all property and assets of the Debtor that are of the same type and nature as the Collateral—created or acquired by the Debtors on or after the Petition Date are hereby deemed to be Collateral.

INTERIM ORDER AUTHORIZING USE OF CASH
COLLATERAL – Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2943 ja28db013x

e. Debtor shall continue to maintain insurance on its assets as the same existed as of the Petition Date.

5. Evidence of Adequate Protection Liens. This Interim Order shall be sufficient for, and conclusive evidence of, the priority, perfection, and validity of the Adequate Protection Liens.

6. Professional Fund. The Professional Fund is approved with Debtor to fund the amounts consistent with the Budget for that purpose. The Professional Fund shall be deposited and maintained in the trust account of Bush Kornfeld LLP, attorneys for Debtor, where such funds shall be held in trust pending further order of the Court following notice and hearing for the *pro rata* benefit of the professionals engaged by the Debtor and the Committee and the payment of United States Trustee's fees. To the extent the amounts deposited into the Professional Fund exceed the allowed fees and costs of those professionals, such excess funds shall remain subject to the rights of the Secured Party.

7. Provisions Regarding DIP Loan. With respect to the DIP Obligations and the DIP Loan Agreement:

a. The Debtor is expressly authorized to borrow from the DIP Lender, on the terms and subject to the conditions and limitations in availability set forth in this order, post-Petition Date loans in an original principal amount not to exceed $2,000,000.

b. The DIP Lender and the Debtor have negotiated the DIP Loan in good faith and at arms' length. Thus, the DIP Lender is entitled to the full protection of section 364(e) of the Bankruptcy Code with respect to

INTERIM ORDER AUTHORIZING USE OF CASH
COLLATERAL – Page 8

2943 ja28db013x

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

the DIP Obligations and the DIP Facility Liens if this Order or any finding, adjudication, or authorization contained herein is stayed, vacated, reversed, or modified on appeal. Any stay, modification, reversal, or vacation of this Order will not affect the validity of any the DIP Loan incurred prior to the DIP Lender's actual receipt of written notice of the effective date of any such stay, modification, reversal, or vacation. Notwithstanding any such stay, modification, reversal, or vacation, all financing extended to the Debtor pursuant to this Order and all DIP Obligations incurred by the Debtor pursuant hereto prior to the DIP Lender's actual receipt of written notice of the effective date of any such stay, modification, reversal, or vacation shall be governed in all respects by the original provisions hereof, and the DIP Lender shall be entitled to all the rights, privileges, and benefits, including, without limitation, the liens, security interests, and first priorities granted herein with respect to all such DIP Obligations.

8. Termination Date. The Interim Period ends on the earliest date (the "Termination Date") when one or more of the following conditions has occurred or has been met:

    a. February 27, 2026.

    b. The Court enters an order converting the Case to a case under Chapter 7 of the Bankruptcy Code.

    c. The Court enters an order dismissing the Case.

INTERIM ORDER AUTHORIZING USE OF CASH
COLLATERAL – Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2943 ja28db013x

d. The Court enters any order that stays, modifies, or reverses this Interim Order.

e. The Court enters an order granting relief from the automatic stay so as to allow a third party to proceed against any Collateral.

f. The Debtor fails to maintain (i) its Advance Formula under the Loan Documents with Pathward plus (ii) the dollar amount of the Cash Collateral on hand in the Debtor's bank account subject to a first lien in favor of Pathward, in excess of $3,600,000.00. The Debtor shall immediately notify Pathward and Pathward's counsel if the combined amounts under (i) and (ii) are less than $3,600,000.00, and the Debtor may not use any cash collateralother than to make gross payroll without the consent of Pathward or a Bankruptcy Court order If the Debtor does not obtain a court hearing within seven court days of such notice for the Court to make a determination on adequate protection and the Debtor's authority to use cash collateral, the Termination Date shall be the eighth court day following the issuance of the notice.

9. Pathward to Remit post-Petition Date Estate Property to Debtor. Within two business days of receipt, Pathward shall wire any and all funds that are deposited on or after the Petition Date into the Pathward-controlled lock box account in good funds to the Debtor's operating account at JP Morgan Chase Bank. On or after the Petition Date, Pathward shall not apply any funds against the Debtor's loan absent further order of this court and, instead, remit such funds to the Debtor as set forth in this paragraph.

INTERIM ORDER AUTHORIZING USE OF CASH
COLLATERAL – Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2943 ja28db013x

10. Authorization to Continue Scrap Program. The Debtor is hereby authorized to continue its Scrap Program under the terms described in the Motion.

11. Effect of Order. This Interim Order is effective immediately upon its entry, shall be binding on the Debtor, all parties in interest in this Case and their respective successors and assigns, shall continue in full force and effect (even after the end of the Interim Period) and shall survive entry of any other order, including any order that may be entered confirming any plan of reorganization, any order converting this Case to any other chapter under the Bankruptcy Code, and any order dismissing this Case.

12. Objections Overruled. All objections to the Motion (if any) with respect to entry of this Interim Order are hereby overruled.

13. Final Hearing. The final hearing on the Motion (the "Final Hearing") is hereby set for February 25, 2026, at 2:00 p.m.. Objections shall be due on February 18, 2026. Any reply shall be due on February 23 2026.

/ / /End of Order/ / /

Presented by:

BUSH KORNFELD LLP

By      /s/ Thomas A. Buford
     Christine M. Tobin-Presser, WSBA #27628
     Thomas A. Buford, WSBA #52969
Shane E. Creason, WSBA #63865
Proposed Attorneys for Spokane Industries LLC, Debtor

INTERIM ORDER AUTHORIZING USE OF CASH
COLLATERAL – Page 11

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2943 ja28db013x