CHRISTINE M. TOBIN-PRESSER (WSBA #27628)
THOMAS A. BUFORD (WSBA # 52969)
SHANE E. CREASON (WSBA #63865)
BUSH KORNFELD LLP
601 UNION STREET, SUITE 5000
SEATTLE, WA 98101
Tel: (206) 292-2110
Email: ctobin@bskd.com; tbuford@bskd.com;
screason@bskd.com

HONORABLE FREDERICK P. CORBIT

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>SPOKANE INDUSTRIES LLC,<br><br>                        Debtor. | Chapter 11<br><br>Case No. 26-00116<br><br>DEBTOR'S MOTION TO EXTEND (1) DEADLINE TO ASSUME OR REJECT NON-RESIDENTIAL REAL PROPERTY LEASE; AND (2) EXCLUSIVITY PERIODS FOR FILING AND CONFIRMING PLAN |

Spokane Industries LLC (the "Debtor"), the debtor-in-possession in this case, moves the court pursuant to Bankruptcy Code Sections 365(d)(4)(B)(i) and 1121(b) and (c)(3) to extend deadlines to assume or reject non-residential real property lease and to file and confirm a plan of reorganization ("Plan"). This motion is based on the files and records herein and the accompanying Declaration of Patrick Turner.

### I.  JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

DEBTOR'S MOTION TO EXTEND (1) DEADLINE TO
ASSUME OR REJECT NON- RESIDENTIAL REAL
PROPERTY LEASE; AND (2) EXCLUSIVITY PERIODS FOR
FILING AND CONFIRMING PLAN – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## II.   BACKGROUND

The Debtor commenced the above-captioned Chapter 11 case (the "Bankruptcy Case") on January 23, 2026 (the "Petition Date"). The Debtor is a foundry in Spokane Valley, Washington, that provides high-quality, high-performance castings for the mining industry. The Debtor sells to customers around the world and employs more than 100 steelworkers.

The Debtor is operating its businesses and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. A detailed discussion of the Debtor's business operations and events leading to this Chapter 11 case is set forth in the *Declaration of Patrick Turner in Support of Debtor's First Day Motions* [ECF No. 7].

### A.   The Debtors' Post-Petition Activities and Case Progress

The Debtor commenced this case to move to stable production and achieve long-term profitability. Specifically, the Debtor required a cash infusion to permit equipment repairs and a build-up of inventory to ensure maximum production, paving the way for the ability to repay its vendors in an orderly manner over time. Turner Decl. ¶ 3.

Since commencing its Bankruptcy Case, the Debtor has increased its production capacity by increasing the number of heats it runs per week, and the effects of that increase are beginning to be reflected in increased revenues. Each additional heat per week directly increases the volume of castings available for shipment and sale. The Debtor has successfully increased the number of heats it runs each week above pre-petition levels and is continuing to ramp production toward its production target. Turner Decl. ¶ 4.

DEBTOR'S MOTION TO EXTEND (1) DEADLINE TO ASSUME OR REJECT NON- RESIDENTIAL REAL PROPERTY LEASE; AND (2) EXCLUSIVITY PERIODS FOR FILING AND CONFIRMING PLAN – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

26-00116-FPC11   Doc 128   Filed 04/21/26   Entered 04/21/26 10:54:26   Pg 2 of 10

The economic benefit of increased production, however, is not immediately reflected in cash receipts. Due to the nature of the Debtor's manufacturing and sales cycle, which includes production lead times, shipping, customer acceptance, and payment, there is a lag of approximately 11 weeks between an increase in heats run and the Debtor's receipt of cash from the resulting sales. Accordingly, the full cash flow impact of the Debtor's recent production ramp-up will not be realized until approximately eleven weeks after the increased heats are run. Turner Decl. ¶ 5.

The Debtor must demonstrate that its proposed plan of reorganization is feasible at the time the plan is filed. To do so, the Debtor needs its financial projections and actual cash flow results to reflect the revenue generated by the increased production levels. The Debtor anticipates filing its plan of reorganization by mid-Summer 2026.

The Debtor's cash projections will be the foundation upon which creditors evaluate plan feasibility. Filing a plan before that cash flow is realized would result in less accurate projections that misstate the Debtor's earning capacity. Accordingly, the Debtor requires additional time to allow the cash receipts from its increased production to materialize, to compile actual financial results reflecting those receipts, and to incorporate them into a plan that can be confirmed upon an accurate feasibility projection. Turner Decl. ¶ 6.

In a similar vein, the Debtor's continued lease of its business premises will be critical to a feasible plan. The Debtor does not wish to prematurely assume the lease and expose itself to potential administrative expense liability for the lease, as assumed, absent an accompanying filed and confirmable plan.

Bush Kornfeld llp
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

26-00116-FPC11    Doc 128    Filed 04/21/26    Entered 04/21/26 10:54:26    Pg 3 of 10

# III. REQUESTED RELIEF

## A. Lease Rejection/Assumption Deadline

Pursuant to Bankruptcy Code § 365(d)(4), the Debtors have 120 days from the Petition Date, or until May 23, 2026, to assume or reject unexpired real property lease ("Lease Deadline"). As discussed in more detail below, by this motion, the Debtor seeks an extension of the Lease Deadline for 90 days to August 21, 2026.

## B. Plan Exclusivity Deadlines

Pursuant to Bankruptcy Code § 1121(b) and (c)(3), the Debtor has the exclusive right to file a plan for a period of 120 days from the Petition Date, or until May 23, 2026, and if the Debtor files a plan within that time period, it has an additional 60 days, or until July 22, 2026, to confirm a plan ("Plan Deadlines"). As discussed in more detail below, by this motion, the Debtors seeks an extension of the Plan Deadlines by 90 days, respectively, extending the exclusivity period to August 21, 2026, and if the Debtor files a plan within that time period, it will have an additional 60 days, or until October 20, 2026, to confirm a plan.

# IV. LEGAL ARGUMENT AND AUTHORITY

## A. Cause Exists to Extend the Lease Deadline Under § 365(d)(4)

Section 365(d)(4) of the Bankruptcy Code provides that:

(A)     Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of –

(i) the date that is 120 days after the date of the order for relief; or

(ii) the date of the entry of an order confirming a plan.

DEBTOR'S MOTION TO EXTEND (1) DEADLINE TO ASSUME OR REJECT NON- RESIDENTIAL REAL PROPERTY LEASE; AND (2) EXCLUSIVITY PERIODS FOR FILING AND CONFIRMING PLAN – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

26-00116-FPC11     Doc 128     Filed 04/21/26     Entered 04/21/26 10:54:26     Pg 4 of 10

(B)

    (i)    **The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.**

    (ii)    If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4) (emphasis added). Thus, the court can, for cause, order a 90-day extension of the period during which a debtor in possession must assume or reject non-residential real property leases.

Because "cause" is not defined, courts generally look to the following relevant factors[1] for guidance:

(1)    whether the lease is the primary asset of the debtor;

(2)    whether the debtor has had time to intelligently appraise its financial situation and the potential value of its assets in terms of the formulation of a plan;

(3)    whether the lessor continues to receive the rent required in the lease;

(4)    whether the lessor will be damaged beyond the compensation available under the Code due to the debtor's continued occupation;

(5)    whether the case is exceptionally complex and involves a large number of leases;

(6)    whether the debtor has failed or is unable to formulate a plan when it has had more than enough time to do so; and

---

[1] Additional factors, not relevant to this case, include whether the lessor has a reversionary interest in the building built by the debtor on the landlord's land and whether the need exists for a judicial determination of whether the lease is disguised as a security interest.

DEBTOR'S MOTION TO EXTEND (1) DEADLINE TO ASSUME OR REJECT NON- RESIDENTIAL REAL PROPERTY LEASE; AND (2) EXCLUSIVITY PERIODS FOR FILING AND CONFIRMING PLAN – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

(7)    any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease.

*In re Ernst Home Center, Inc.*, 209 B.R. 974, 80 (9th Cir. BAP 1998). This list is not exclusive, and a great deal of discretion is left to the court to weigh all relevant factors related to the requested extension. *Id.* at 980–81.

Based on the above factors, it is appropriate in these cases to extend the time under § 365(d)(4) to assume or reject its lease. The Debtor's non-residential real property lease is integral to its operations, and the requested extension relates to the Debtor's consistently stated need for time to ensure the accuracy and reliability of its projections. The Debtor is current on its post-petition lease obligations.

The Debtor respectfully requests entry of an order extending the Lease Deadline by 90 days.

**B.    <u>Cause Exists to Extend the Exclusivity Period Under § 1121(d)</u>**

Section 1121(b) establishes an exclusivity period of 120 days following commencement of the case in which only the debtor may file a plan of reorganization. If the debtor files a plan within that time period, the debtor has an additional 60 days, for a total of 180 days after the commencement of the case, to confirm its plan. § 1121(c)(3). Pursuant to § 1121(d), both exclusivity periods may be extended for cause.

Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); *see also In re McLean*

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

*Indus., Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987), *quoting* H.R. Rep. No. 595, 95th Cong., 2d Sess. 231 (1978), *reprinted in* 1978, U.S.C.C.A.N. 5963, 6190). In determining whether cause exists, courts look to a number of factors, including (1) the size and complexity of the case; (2) existence of good faith progress toward reorganization; (3) fact that the debtor is paying its bills as they become due; (4) whether the debtor has made progress in negotiations with its creditors; and (5) the amount of time which has elapsed in the case. *In re Henry Mayo Newhall Memorial Hosp.*, 282 B.R. 444, 452 (9th Cir. BAP 2002).

The stated factors support extending the exclusivity periods. The Debtor has consistently advised that it would seek an extension of plan and lease deadlines due to the timing of income stabilization and predictability. The Debtor has increased the number of heats it runs per week and is actively ramping production toward its target level, but has not yet reached the period in its production and receivables cycle in which it will realize the full financial benefit of its increased production capacity. Turner Decl. ¶¶ 3-5. The Debtor intends to file its plan when it has reasonable assurance of the reliability of its projections. The Debtor is paying its post-petition obligations as they come due, has made good faith progress in its reorganization, and the case is proceeding in an orderly fashion. Turner Decl. ¶ 8. The requested extension is modest, and if granted, it will accomplish a specific and legitimate purpose without prejudicing the parties. Accordingly, cause exists to extend both the plan filing and plan confirmation exclusivity periods as requested.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# V. CONCLUSION

Based on the foregoing, the Debtors respectfully request extension of the Lease Deadline and the Plan Deadlines as follows:

| Lease | |
|---|---|
| **Lease Deadline** | **Requested Extension** |
| § 365(d)(4)(A)(i) May 23, 2026 | § 365(d)(4)(B)(i)<br>90 days to Friday, August 21, 2026 |

| Exclusivity | | |
|---|---|---|
| **Deadlines** | | **Requested Extensions** |
| **Filing Plan** | § 1121(b)<br>May 23, 2026 | § 1121(d)(2)(A)<br>Friday, August 21, 2026 |
| **Confirming Plan** | § 1121(c)(3)<br>July 22, 2026 | § 1121(d)(2)(B)<br>, Wednesday, October 20, 2026 |

DATED this 21st day of April, 2026.

BUSH KORNFELD LLP

By___/s/ Shane E. Creason_____
    Christine M. Tobin-Presser, WSBA #27628
    Thomas A. Buford, WSBA #52969
    Shane E. Creason, WSBA #63865
Attorneys for Spokane Industries LLC, Debtor

DEBTOR'S MOTION TO EXTEND (1) DEADLINE TO ASSUME OR REJECT NON- RESIDENTIAL REAL PROPERTY LEASE; AND (2) EXCLUSIVITY PERIODS FOR FILING AND CONFIRMING PLAN – Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| SPOKANE INDUSTRIES LLC, | Case No. 26-00116-FPC11 |
| Debtor. | ORDER EXTENDING (1) DEADLINE TO ASSUME OR REJECT NON-RESIDENTIAL REAL PROPERTY LEASE AND (2) EXCLUSIVITY PERIODS FOR FILING AND CONFIRMING PLAN |

This matter came before the court on the Motion of the above-captioned debtor and debtor in possession to Extend (1) Deadline to Assume or Reject Non-Residential Real Property Lease; and (2) Exclusivity Periods for Filing and Confirming Plan (the "Motion").[1] Upon review of the pleadings, the Turner Declaration, and the record and filed herein, the Court finds that cause exists to extend the deadline to assume or reject the Debtor's non-residential real property leases under § 365(d)(4)(B)(i), and to extend

---

[1] Capitalized terms not defined in this Declaration Order have their meaning as set forth in the Motion.

ORDER EXTENDING (1) DEADLINE TO ASSUME OR
REJECT NON-RESIDENTIAL REAL PROPERTY LEASE
AND (2) EXCLUSIVITY PERIODS FOR FILING AND
CONFIRMING PLAN – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2943 jd17j401z2

the exclusivity periods for filing and confirming the plan under § 1121(d)(2). Accordingly, it is

**ORDERED as follows:**

1.      The Motion [ECF No. ___] is granted.

2.      The Lease Deadline is extended by 90 days to August 21, 2026.

3.      The Plan Deadlines are each extended by 90 days. The Debtor has the exclusive right to file a plan until August 21, 2026, and to obtain confirmation of a plan until October 20, 2026.

///End of Order///

Presented by:


BUSH KORNFELD LLP

By___/s/ Shane E. Creason_____
    Christine M. Tobin-Presser, WSBA #27628
    Thomas A. Buford, WSBA #52969
    Shane E. Creason, WSBA #63865
Attorneys for Spokane Industries LLC, Debtor

ORDER EXTENDING (1) DEADLINE TO ASSUME OR
REJECT NON-RESIDENTIAL REAL PROPERTY LEASE
AND (2) EXCLUSIVITY PERIODS FOR FILING AND
CONFIRMING PLAN – Page 2

2943 jd17j401z2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104