CHRISTINE M. TOBIN-PRESSER (WSBA #27628)
THOMAS A. BUFORD (WSBA # 52969)
SHANE E. CREASON (WSBA #63865)
BUSH KORNFELD LLP
601 UNION STREET, SUITE 4630
SEATTLE, WA 98101
Tel: (206) 292-2110
Email: ctobin@bskd.com; tbuford@bskd.com; screason@bskd.com

HONORABLE FREDERICK P. CORBIT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>SPOKANE INDUSTRIES LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-00116<br><br>DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION |

Spokane Industries LLC (the "Debtor"), debtor-in-possession in the above-captioned bankruptcy, submits the following Second Amended Plan of Reorganization ("Plan") pursuant to Subchapter II of Chapter 11 of the Bankruptcy Code.

## ARTICLE I.
## DISCLOSURE STATEMENT

A. The Debtor has filed a Disclosure Statement pursuant to 11 U.S.C. § 1125 and Bankruptcy Rule 3016(b). The Disclosure Statement provides useful information to aid and assist creditors in voting on the Plan. YOU ARE URGED TO READ THE DISCLOSURE STATEMENT WITH CARE IN EVALUATING THE IMPACT OF THE PLAN UPON YOUR CLAIMS.

## ARTICLE II.
## DEFINITION OF TERMS

### A. Definitions

A term used in this Plan that is not defined below and that is defined in the Bankruptcy Code shall have the meaning ascribed in the Bankruptcy Code. When used



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

in this Plan, the following terms shall have the meanings specified below, unless the context otherwise requires:

1. 503(b)(9) Claim: an Allowed Claim entitled to priority under Section 503(b)(9) of the Bankruptcy Code.

2. Administrative Expense Claim: An Allowed Claim entitled to priority under § 507(a)(2) of the Bankruptcy Code, including (a) claims incurred by the Debtor since the Petition Date and allowed by the Court of a type described in § 503(b) of the Code; (b) all Allowed Claims of Professionals pursuant to §§ 330 and 331 of the Code and Bankruptcy Rule 2016; and (c) all fees and charges assessed against the Estate under 28 U.S.C. § 1930.

3. Allowed: When used in reference to a Claim, any Claim in the amount and of the priority classification set forth in the proof of such Claim that has been filed timely in the Bankruptcy Case, or in the absence of such proof, as set forth in the Debtor's schedules of liabilities filed in the Bankruptcy Case, unless:

(i) such Claim has been listed in such schedules as disputed, contingent, or unliquidated, in which case such Claim shall be allowed only in such amount and such classification as is authorized by Final Order of the Bankruptcy Court;

(ii) such Claim has been objected to or is objected to after Confirmation, in which case such Claim shall be allowed only in such amount and such classification as is authorized by Final Order of the Bankruptcy Court; or,

(iii) such Claim has been paid in full, withdrawn, or otherwise deemed satisfied in full.

4. Avoidance Actions: Any Claim or cause of action of the Estate arising out of or maintainable pursuant to Chapter V of the Bankruptcy Code or under any other similar applicable law, regardless of whether or not such action has been commenced prior to the Effective Date.

5. Bankruptcy Case: The Chapter 11 case pending before the Bankruptcy Court commenced by the Debtor, designated Case No. 26-00116.

6. Bankruptcy Code or Code: The Bankruptcy Code enacted November 6, 1978, as set forth in Title 11 of the United States Code, and as amended thereafter.

7. Bankruptcy Court or Court: The United States Bankruptcy Court for the Eastern District of Washington, at Spokane, before which the Bankruptcy Case is pending, or if that Court ceases to exercise jurisdiction over the Bankruptcy Case, the Court that does exercise jurisdiction.



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

8. Bankruptcy Rules: The Federal Rules of Bankruptcy Procedure.

9. Business Day: Any day except Saturday, Sunday or a "legal holiday" as defined in Bankruptcy Rule 9006(a).

10. Cash: Cash or cash equivalents, including, but not limited to, bank deposits, wire transfers, checks, and other similar items.

11. Chapter 11 Case: The Bankruptcy Case.

12. Claim: A Claim as defined in § 101(5) of the Bankruptcy Code.

13. Class: A class of Claims or Interests as defined in Article IV of this Plan.

14. Class 1 Claim: Has the meaning identified in Section IV.C.1 of the Plan.

15. Class 1 Collateral: the personal property identified in UCC-1 financing statement no. 202504456523 filed with the Washington State Department of Licensing.

16. Class 1 Interest Rate: Prime plus 2% per annum.

17. Class 1 Maturity Date: the fifth day of the 36th month following the Effective Date.

18. Class 2 Claim: Has the meaning identified in Section IV.C.2 of the Plan.

19. Class 2 Collateral: The personal property identified in UCC-1 financing statement no. 202507849667 filed with the Washington State Department of Licensing.

20. Class 2 Full Secured Claim: Has the meaning identified in Section IV.C.2 of the Plan.

21. Class 2 Maturity Date: The fifth day of the 61st month following the Effective Date.

22. Class 2 Mutual Release: Has the meaning identified in Section IV.C.2.e of the Plan.

23. Class 3 Claim: Has the meaning identified in Section IV.C.3 of the Plan.

24. Class 4 Claim: Has the meaning identified in Section IV.C.4 of the Plan.

25. Class 4 Final Payment Date: Has the meaning identified in Section IV.C.4 of the Plan.



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

26. Class 5 Claim: Has the meaning identified in Section IV.C.5 of the Plan.

27. Class 6 Claim: Has the meaning identified in Section IV.C.6 of the Plan.

28. Class 6 Maturity Date: Has the meaning identified in Section IV.C.6 of the Plan.

29. Class 7 Additional Payment: Has the meaning identified in Section IV.C.7 of the Plan.

30. Class 7 Claim: Has the meaning identified in Section IV.C.7 of the Plan.

31. Class 7 Fixed Payment: Has the meaning identified in Section IV.C.7 of the Plan.

32. Class 7 New Value Excess Cash Payment: Has the meaning identified in Section IV.C.7 of the Plan.

33. Class 8 Claim: Has the meaning identified in Section IV.C.8 of the Plan.

34. Class 9 Claim: Has the meaning identified in Section IV.C.9 of the Plan.

35. CNC: CNC Associates.

36. CNC Collateral: the collateral identified in UCC-1 financing statement nos. 202412201642 and 202412303278 filed with the Washington Department of Licensing.

37. Committed Payment Amount: Has the meaning identified in Section IV.C.4 of the Plan.

38. Committee: The Official Unsecured Creditors Committee appointed in the Bankruptcy Case.

39. Confirmation: The entry of the Order of Confirmation by the Bankruptcy Court.

40. DFS: Dell Financial Services.

41. DFS Collateral: The personal property identified in UCC-1 filing no. 201406984103 filed with the Washington State Department of Licensing.

42. Debtor: Spokane Industries LLC whether before or after Confirmation, as the case may be.



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

43. Disclosure Statement: The Disclosure Statement for Plan of Reorganization approved by the Court on ____.

44. Disputed Claim: A filed or scheduled Claim of an alleged creditor that was listed in the Debtor's schedules as "disputed," and which has not subsequently been allowed, or as to which an objection has been filed by a party-in-interest.

45. Effective Date: The first Business Day that is at least fourteen (14) calendar days following the entry of the Order of Confirmation, unless the Order of Confirmation is stayed.

46. Estate: The Estate created pursuant to § 541 of the Bankruptcy Code.

47. Federal Judgment Rate: The interest rate identified in 28 U.S.C. § 1961 applicable to federal civil judgments.

48. Final Order: An order or judgment of the Court as to which the time for appeal has expired without a notice of appeal having been filed or as to which any appeal therefrom has been resolved.

49. Fixed Payment Date: Has the meaning identified in Section IV.C.7 of the Plan.

50. Holder: The holder of an Allowed Claim or an Allowed Interest, as the case may be.

51. Insider DIP Loan: The post-petition loan from Patrick Turner to the Debtor approved by the Court on April 7, 2026.

52. Interest: An equity interest in the Debtor.

53. Marlin: Marlin Leasing Corp.

54. Marlin Collateral: the personal property identified in UCC-1 financing statement no. 202327243027 filed with the Washington State Department of Licensing.

55. Net Marlin Sale Proceeds: Has the meaning identified in Section IV.C.5 of the Plan.

56. Net Plan Period Sale Proceeds: The proceeds of a Plan Period Sale, net of closing costs.

57. New Value Contribution: Has the meaning identified in Section IV.C.7 of the Plan.



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

58. Non-Insider DIP Loan: The $2,000,000 post-petition loan from William and Christine Martz approved by the Court on January 28, 2026.

59. Notice and Hearing: Proceedings as contemplated under Bankruptcy Code § 102(1).

60. Official Mailing List: Has the meaning identified in Section VIII.C of the Plan.

61. Order of Confirmation: The order of the Bankruptcy Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

62. Park: Park SPE, LLC.

63. Park Lease: The real property lease of the Debtor's premises between the Park as lessor and the Debtor as lessee.

64. Petition Date: January 23, 2026, the date upon which the Debtor commenced the Bankruptcy Case.

65. Plan: The Debtor's Second Amended Plan of Reorganization, as such may be amended from time to time.

66. Plan Period: The period of 61 months commencing upon and immediately following the Effective Date.

67. Plan Period Sale: Has the meaning identified in Section IV.C.2.d of the Plan.

68. Priority Tax Claim: An Allowed Claim of a Taxing Agency for the principal amount of a tax within the meaning of § 507(a)(8) of the Code, and statutory interest accruing thereon prior to the Petition Date.

69. Prime: The U.S. prime rate, in effect at the relevant time.

70. Professional: Persons, including a trustee (if one is appointed), retained or to be compensated pursuant to §§ 326, 327, 328, 330, and/or 1103 of the Bankruptcy Code.

71. Pro Rata: Proportionally so that the ratio of the amount distributed on account of a particular Allowed Claim to the amount of such Allowed Claim is the same as the ratio of the amount distributed on account of all Allowed Claims in the Class of which such particular Allowed Claim is a member to the total amount of all Allowed Claims in such Class.



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

72. Reorganized Debtor: Spokane Industries LLC on and after the Effective Date.

73. Schedules: The schedules of assets, liabilities and executory contracts and the statement of financial affairs filed on behalf of the Debtor pursuant to § 521 of the Bankruptcy Code, and in accordance with the Bankruptcy Rules, as each has been, or may be, amended and supplemented from time to time.

74. Secured Claim: An Allowed Claim that is a secured Claim against the Debtor determined in accordance with § 506(a) of the Bankruptcy Code.

75. Spokane Stainless: Spokane Stainless Technologies, Inc.

76. Tax Distribution Reserve: on any given date, an amount equal to the amount of the Debtor's federal income tax liability for the prior year, divided by 365 days, multiplied by the number of days that have elapsed in the current calendar year.

77. Taxing Agency(ies): Any governmental or municipal agency holding a Claim that is not a Secured Claim and that is otherwise entitled to treatment as a Priority Tax Claim.

78. Unsecured Claim: An Allowed Claim that is (a) based upon (i) a proof of claim executed and filed in accordance with Bankruptcy Rule 3003(c) prior to the claims bar date, or (ii) the listing of the Claim in the Debtor's schedules of liabilities as other than disputed, contingent or unliquidated, and (b) not a Secured Claim or an Unclassified Claim.

## ARTICLE III.
## CLASSIFICATION OF CLAIMS AND INTERESTS

All Claims, as defined in § 101(5) of the Bankruptcy Code, against the Debtor are classified as set forth herein. A Claim is in a particular Class only to the extent it qualifies within the definition of such Class and is in a different Class to the extent it qualifies within the definition of such different Class.

1. Class 1: Pathward Secured Claim
2. Class 2: Spokane Stainless Claim
3. Class 3: CNC Claim
4. Class 4: DFS Claim
5. Class 5: Marlin Claim
6. Class 6: Non-Insider DIP Loan
7. Class 7: Allowed Unsecured Claims
8. Class 8: Insider DIP Loan
9. Class 9: Insider Claims (Non Class 8)



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

10. Class 10: Equity Interests

## ARTICLE IV.
## PROVISIONS FOR SATISFYING CLAIMS AND SPECIFYING TREATMENT OF EACH CLASS UNDER THE PLAN

The treatment of all Allowed Claims and Allowed Interests shall be as follows:

### A. Classification of Claims

The Plan establishes nine Classes of Claims and one class of Interests, and certain other Claims are Unclassified Claims pursuant to applicable provisions of the Bankruptcy Code. If the Plan is confirmed by the Court and becomes effective, the class into which each Allowed Claim and Allowed Interest fits will determine the manner in which such claim or interest will be treated. The Classes defined in the proposed Plan are summarized below.

### B. Unclassified Claims

**1. Administrative Expense Claims.** As defined herein, Administrative Expense Claims are Allowed Claims for costs or expenses of the Chapter 11 Case that are allowed under sections 503(b) and 507(a)(2) of the Bankruptcy Code. Claims incurred in the ordinary course of the Debtor's business following the Petition Date shall be paid in the ordinary course of business in accordance with the terms and conditions of the relevant agreements governing such obligations from the cash generated from the Debtor's operations. Allowed Priority Claims under Bankruptcy Code § 503(b)(9) and Claims for professional fees and expenses shall be paid on the later of the Effective Date or the date each such Claim becomes an Allowed Claim, unless the Holder of such Claim agrees to alternative treatment.

2. **Priority Tax Claims.** As defined herein, Priority Tax Claims are Allowed Claims of Taxing Agencies that are entitled to priority in accordance with section 507(a)(8) of the Bankruptcy Code. Priority Tax Claims include the principal portion of the applicable tax and interest accrued thereon through the Effective Date but do not include any penalties. Priority Tax Claims shall be paid in full within 60 months of the Petition Date through monthly payments commencing on the fifth day of the first month following the Effective Date and continuing for the number of months that is equal to 60 minus the number of months that have elapsed from the Petition Date to the Effective Date.



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104



26-00116-FPC11 Doc 206 Filed 10/16/26 Entered 10/16/26 11:53:26 Pg 8 of 22

## C. Classified Claims and Interests

### 1. Class 1: Pathward Secured Claim

**Impaired.** Class 1 consists of the Allowed Secured Claim of Pathward (the "Class 1 Claim"). The Class 1 Claim will be paid as follows:

(1) Beginning on the fifth day of the first month following the Effective Date, the Debtor will make monthly principal and interest payments of $51,000 for 12 months. Thereafter, the Debtor will make monthly principal and interest payments of $70,000 for the next 12 months (months 13-24 following the Effective Date). Thereafter, the Debtor will make monthly principal and interest payments of $83,000 for the next 12 months (months 25-36 following the Effective Date).

(2) Interest shall accrue on the unpaid portion of the Class 1 Claim at the rate of Prime plus 2% per annum (the "Class 1 Interest Rate").

(3) The Debtor shall pay the remaining amount owing on the Class 1 Claim on or before the fifth day of the 36th month following the Effective Date (the "Class 1 Maturity Date").

(4) The Holder of the Class 1 Claim shall be secured in the Class 1 Collateral.

### 2. Class 2: Spokane Stainless Claim

**Impaired.** Class 2 consists of the Claim of Spokane Stainless (the "Class 2 Claim"), which shall be treated as follows:

Spokane Stainless shall hold an Allowed Secured Claim in the amount of $6,375,153 (the Class 2 Full Secured Claim), subject to the following:

a. **Payments.** Beginning on the fifth day of the first month following the Effective Date, the Debtor will make monthly payments of $20,000 for twelve months. Thereafter, the Debtor will make monthly payments of $30,000 for the next 12 months (months 13-24 following the Effective Date). Thereafter, the Debtor will make monthly payments of $50,000 for the next 36 months (months 25-60 following the Effective Date). On or before the fifth day of the 61st month following the Effective Date (the "Class 2 Maturity Date"), the Debtor will make a lump sum payment of



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

$400,000. The payments described in this Section IV.C.2.a are collectively referred to as the "Class 2 Discounted Payment." If the Debtor fails to make any of the payments described in this section when due, and if the Debtor further fails to make such payment within 10 days of written notice of the delinquency, Spokane Stainless shall be entitled to enforce its rights under its pre-petition agreements with Spokane Industries and/or other applicable law, including enforcing its rights against the Class 2 Collateral, in order to collect the remaining unpaid Class 2 Full Secured Claim.

**b. Collateral.** Spokane Stainless shall retain all rights under its prepetition agreements with the Debtor and will retain its security interest in the Class 2 Collateral to secure payment of the Class 2 Full Secured Claim, provided, however, that if no Plan Period Sale occurs and the Debtor makes the Class 2 Discounted Payment in accordance with the terms of Section IV.C.2.a of the Plan, Spokane Stainless shall release, and be deemed to have released, its security interest in the Class 2 Collateral on the Class 2 Maturity Date. Notwithstanding the foregoing, Spokane Stainless shall take any actions to ensure subordination of its security interest to any lender of the Debtor in connection with satisfaction of the Class 1 Claim provided, however, that Spokane Stainless shall not be required to subordinate to an amount greater than the amount of the Class 1 Claim.

**c. Satisfaction of Class 2 Claim.** Upon the Debtor's payment in full of the Class 2 Discounted Payment in accordance with Section IV.C.2.a. of the Plan, totaling $2,800,000, and provided that no Plan Period Sale occurs, the unpaid remaining balance of the Class 2 Claim shall be, and shall be deemed, satisfied in full.

**d. Sale of Company During Plan Period.** If, during the Plan Period, either (i) the Interests in the Reorganized Debtor, or (ii) substantially all of the Reorganized Debtor's assets, are sold or transferred (a "Plan Period Sale"), and after full satisfaction of the Class 1 Claim, the Net Plan Period Sale Proceeds shall be paid to Spokane Stainless and applied first to fully satisfy the unpaid balance of the Class 2 Discounted Payment and then to the remaining amount of the balance of the Class 2 Full Secured Claim, less the Class 2 Discounted Payment.

**e. Mutual Release.** As of the Effective Date, the Debtor, on the one hand, and Spokane Stainless, on the other hand, and each of their respective officers, directors, managers, and equity holders, shall release, and shall be deemed to have released, one another from any and all claims that existed as of the Effective Date (the "Class 2 Mutual Release"). Notwithstanding the foregoing, the Class 2 Mutual Release



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104



26-00116-FPC11 Doc 206 Filed 10/16/26 Entered 10/16/26 11:53:26 Pg 10 of 22

shall not release any party with respect to claims arising from its failure to comply with its obligations under the Plan, and shall specifically not be deemed a release of the Debtor's obligations to Spokane Stainless as described in Section IV.C.2 of the Plan and/or any claim by Spokane Stainless to enforce its rights with respect to the treatment of its Class 2 Claim as provided in the Plan.

**3. Class 3: CNC Claim**

**Impaired.** Class 3 consists of the Claim of CNC secured by the CNC Collateral (the "Class 3 Claim"). The Class 3 Claim shall be an Allowed Secured Claim in the amount of $287,563.42. The Debtor shall pay the Class 3 Claim in 60 monthly payments commencing on the fifth day of the first month following the Effective Date and made on or before the fifth of each month thereafter. The first 59 payments shall be in the amount of $4,792.72 and the sixtieth and final payment shall be in the amount of $4,792.94. Upon receipt of the first payment, CNC shall provide any and all access codes necessary for the Debtor's operation of the CNC Collateral.

**4. Class 4: DFS Claim**

**Impaired.** Class 4 consists of the Claim asserted by DFS. DFS shall hold an Allowed Claim in the amount of $140,179.82 (the "Class 4 Claim"). The Class 4 Claim shall continue to be secured by DFS' lien against the DFS Collateral. The Debtor shall pay DFS a total of $56,000 (the "Committed Payment Amount") over the twelve-month period commencing on the fifth day of the first month following the Effective Date. To the extent that the Debtor pays DFS the full Committed Payment Amount on or before the fifth day of the twelfth month following the Effective Date, or such later date to which the Debtor and DFS may agree (the "Class 4 Final Payment Date"), the Class 4 Claim shall be deemed fully satisfied. If (a) the Debtor fails to fully pay the Committed Payment Amount by the Class 4 Final Payment Date, or (b) the Bankruptcy Case is converted or dismissed prior to the Debtor's payment of the Committed Payment Amount, DFS shall be entitled to immediate return of the DFS Collateral, and shall continue to hold a claim for the Committed Payment Amount, less the value of the returned DFS Collateral, and less any payments made by the Debtor prior to such conversion or dismissal.

**5. Class 5: Marlin Claim**

**Impaired.** Class 5 consists of the Allowed Claim of Marlin (the "Class 5 Claim"). The Debtor shall have a period of six months from the Effective Date to sell



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

the Marlin Collateral and remit the proceeds thereof, net of any costs of sale (the "Net Marlin Sale Proceeds"), to Marlin and Marlin shall hold a Class 7 Claim for the difference between the Class 5 Claim and the Net Marlin Sale Proceeds. Alternatively, upon Marlin's written election, which election must be made within 15 days of the Effective Date, the Debtor will make the Marlin Collateral available to Marlin and Marlin shall liquidate the Marlin Collateral and reduce the Class 5 Claim by the Net Marlin Sale Proceeds of such liquidation. In either case, the Class 5 Claim, so reduced, shall be treated as a Class 7 Claim.

**6. Class 6: Non-Insider DIP Loan**

**Impaired.** Class 6 consists of the Administrative Claim relating to the Non-Insider DIP Loan (the "Class 6 Claim").

**a. Class 7 Acceptance.** In the event Class 7 accepts the Plan, beginning on the fifth day of the first month following the Effective Date, the Holder of the Class 6 Claim shall receive monthly interest-only payments at the Federal Judgment Rate for sixty months, with the outstanding balance of the Class 6 Claim due and payable on the fifth day of the sixty-first month following the Effective Date (the "Class 6 Maturity Date").

**b. Class 7 Rejection.** In the event Class 7 rejects the Plan, beginning on the fifth day of January, 2027, the Holder of the Class 6 Claim shall receive monthly principal and interest payments of $45,600 for 48 months.

**7. Class 7: Allowed Unsecured Claims.**

**Impaired.** Class 7 consists of Allowed General Unsecured Claims (each, a "Class 7 Claim"). Depending upon whether Class 7 accepts or rejects the Plan, Holders of Class 7 Claims shall be treated as follows:

**a. Class 7 Acceptance.** In the event Class 7 accepts the Plan, the treatment of Class 7 shall be as follows:



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

(1) Class 7 Fixed Payment. Each Holder of a Class 7 Claim shall be entitled to its Pro Rata share of $1,500,000 (the "Class 7 Fixed Payment"), which shall be paid as follows:

(a) Calendar Year 2027. On each of February 28, 2027 and August 31, 2027, the Debtor shall pay $60,000 to the Holders of the Class 7 Claims.

(b) Calendar Year 2028. On each of February 28, 2028 and August 31, 2028, the Debtor shall pay $100,000 to the Holders of the Class 7 Claims.

(c) Calendar Year 2029. On each of February 28, 2029 and August 31, 2029, the Debtor shall pay $135,000 to the Holders of the Class 7 Claims.

(d) Calendar Year 2030. On each of February 28, 2030 and August 31, 2030, the Debtor shall pay $210,000 to the Holders of the Class 7 Claims.

(e) Calendar Year 2031. On each of February 28, 2031 and August 31, 2031, the Debtor shall pay $245,000 to the Holders of the Class 7 Claims.

(2) In addition to the Class 7 Fixed Payment(s), on each February 28 and August 31 of 2027 through 2031 (each, a "Fixed Payment Date"), the Debtor shall make an additional distribution to the Holders of Class 7 Claims (the "Class 7 Additional Payment"). The Class 7 Additional Payment shall be calculated as of the month ending prior to the payment date. The Class 7 Additional Payment shall be equal to the difference (if positive) between the Debtor's cash on hand and current, collectible accounts receivable (receivables aged 90 days or less) and the total of (a) working capital of $4,979,868.75, (b) the Class 7 Fixed Payment due on the same date, (c) any then-due and payable payments required to be made under the Plan, (d) the balance of the Tax Distribution Reserve as of the relevant Fixed Payment Date; and (e) accounts payable then owed by the Debtor. The Debtor shall provide the



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

details of this calculation to any Holder of a Class 7 Claim that so requests. For purposes of this section, "Tax Distribution Reserve" means, on any given date, an amount equal to the amount of the Debtor's federal income tax liability for the prior year, divided by 365 days, multiplied by the number of days that have elapsed in the current calendar year.

(3) Payment in Event of Sale. If prior to the final Fixed Payment Date, the Debtor sells all or substantially all of its assets, and amounts owing to Classes 1, 2, 3, 4 and 5 are paid in full, the Debtor shall pay any remaining Class 7 Fixed Payment(s), plus an additional $250,000 to Class 7, subject to Pro Rata distribution to Holders of Class 7 Claims.

b. Class 7 Rejection. In the event Class 7 rejects the Plan, the treatment of Class 7 shall be as follows:

(1) The Holder of the Debtor's Interests shall make a cash contribution of $250,000 (the "New Value Contribution") to the Debtor on the Effective Date of the Plan.

(2) Each Holder of a Class 7 Claim shall receive its Pro Rata share of a payment to be calculated in the same manner as the Class 7 Additional Payment (the "Class 7 New Value Excess Cash Payment"), to be made on each February 28 and August 31 of 2027 through 2031. For the avoidance of doubt, if the calculation of the Class 7 New Value Excess Cash Payment does not yield any amount available for distribution, no distribution will be made or required.

**8. Class 8: Insider DIP Loan.**

**Impaired.** Class 8 consists of the Administrative Claim relating to the Insider DIP Loan (the "Class 8 Claim"). The Class 8 Claim shall receive no payments on account of the Class 8 Claim under the Plan until all payments due under the Plan have been made.



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

9. **Class 9:** Insider Claims (Exclusive of Insider DIP Loan).

**Impaired.** Class 9 consists of Allowed Claims of Patrick Turner, Alex Turner and/or Ian Turner, excluding the Class 8 Claim (each, a "Class 9 Claim"). Class 9 Claims shall be treated as follows:

> **a. Class 7 Acceptance.** In the event Class 7 accepts the Plan, Class 9 shall not receive any distributions under the Plan until all payments to Classes 1-7 required by the Plan have been made.
>
> **b. Class 7 Rejection.** In the event Class 7 rejects the Plan, the Class 9 Claims shall be included in Class 7.

10. **Class 10: Equity Interests.**

Antectic, Inc. shall retain its Equity Interests following Confirmation and shall retain and exercise in its discretion all the privileges and benefits arising from such Equity Interests, but shall receive no distributions on account of such interests, with the exception of distributions necessary to pay the pass-through income tax liability associated with the Debtor's operations, until all payments due to Holders of Claims in Classes 1-7 have been made.

## ARTICLE V.
## CLAIMS OBJECTIONS AND TREATMENT OF DISPUTED CLAIMS

### A. Administration of Claims

Except as otherwise provided for herein, each Claim shall be allowed or disallowed, as the case may be, in such amount as the Court shall determine, whether prior to or following Confirmation, and whether pursuant to this Plan or otherwise, upon such notice as the Bankruptcy Court or Bankruptcy Rules shall permit except that, after the Effective Date, the Debtor may settle or compromise any controversies regarding Claims without notice or further order of the Court.

### B. Affirmative Claims, Defenses and Counterclaims Assigned to Reorganized Debtor

On the Effective Date, the Debtor shall be deemed to have assigned to the Reorganized Debtor, and the Reorganized Debtor shall be deemed to have acquired and become the successor to, all defenses, counterclaims and setoffs, whether equitable or legal, of the Debtor to Claims held or asserted to be held against the Debtor, and all claims of the Debtor for relief against any other party. Any objection to Claims must



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

be filed and served in accordance with Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## C. No Distribution on Disputed Claims

Notwithstanding any provision of the Plan specifying the time for payment of distributions to holders of Claims, no payment or distribution shall be made to the holder of any Disputed Claim until the time such Claim has been determined to be an Allowed Claim. Notwithstanding the existence of a Disputed Claim in a Class to which a distribution under this Plan is due, such distribution to other creditors shall not be affected by any delay in the resolution of the Disputed Claim. Upon the allowance of any Disputed Claim, the holder shall be paid the amount that such holder would have received had its Claim been an Allowed Claim on the Effective Date.

# ARTICLE VI.
# EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Plan constitutes a motion by the Debtor to assume the Park Lease pursuant to Bankruptcy Code § 365(a), with cure to be paid in the following manner as agreed between the Debtor and the Park. The Park shall be allowed a cure claim in the total amount of $988,812, which shall be amortized over 180 months and accrue interest at the rate of 5% per annum. The Debtor shall make monthly payments of $7,819 commencing on the fifth day of the first month following the Effective Date. As of the Effective Date, (1) the termination date of the Park Lease shall be extended through December 31, 2042, with annual escalations thereunder at a rate of 2.5%, and (2) the Debtor and the Park shall and shall be deemed to have mutually released one another from any and all claims arising out of the August 17, 2025, collapse of a structural beam at the leased premises.

The Plan constitutes a motion by the Debtor to reject all other executory contracts and unexpired nonresidential real property leases of the Debtor, not otherwise specifically treated elsewhere under this Plan. The Debtor is not aware of any such contracts or leases. Any claim arising from the rejection of an executory contract or unexpired lease is a Class 7 Claim, to the extent it is an Allowed Claim.

# ARTICLE VII.
# MEANS FOR EXECUTION OF THE PLAN

## A. Sources of Funds for Distribution

The Debtor projects that it will fund the distributions under the Plan from (a) the revenue from its ongoing operations, and (b) in the case of the payment of Class 1 at the Class 1 Maturity Date, from the refinance of the Class 1 Claim. Distributions may also be funded through capital contributions by the Holder of the Class 10 Equity



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Interests provided, however, that such Holder is not required to make such contributions.

### B. Continued Corporate Existence and Vesting of Assets in the Debtor

On the Effective Date, the Debtor shall continue to exist in accordance with the laws in the jurisdiction in which it is formed and pursuant to its Operating Agreement in effect prior to the Effective Date, except to the extent such Operating Agreement is amended under the Plan. Except as otherwise provided in the Plan, on and after the Effective Date, each item of property of the Debtor, including all claims, rights and causes of action and any property acquired by the Debtor shall vest in the Debtor free and clear of all Claims, liens, charges, other encumbrances and interests except liens, charges and other encumbrances which the Debtor is required to grant or continue pursuant to Article IV of the Plan. On and after the Effective Date, the Debtor may operate its business and may use, acquire and dispose of property without supervision of or approval by the Bankruptcy Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules other than restrictions expressly imposed by the Plan or the Confirmation Order.

### C. Cancellation of Indebtedness

On the Effective Date, except for the purpose of evidencing a right to distribution under the Plan, any notes or other instruments or documents evidencing or creating any indebtedness or obligations of, or interest in, the Debtor, except assumed executory contracts, and/or such notes or other instruments evidencing indebtedness or obligations of the Debtor that are unimpaired, reinstated, or amended and restated under the Plan, shall be cancelled and terminated and of no further force or effect.

### D. Post-Confirmation Professionals' Services

Bush Kornfeld LLP shall continue to serve as the Debtor's counsel and the Debtor shall have authority to pay its Professionals post-confirmation fees and costs without further Court order.

### E. Retention of Claims and Causes of Action

Unless specifically waived in the Plan, all rights, claims and causes of action, whether equitable or legal, of the Debtor against all persons, including but not limited to insiders of the Debtor, are reserved for and assigned to the Debtor, including without limitation all rights, claims and causes of action of the Debtor arising under §§ 544, 545, 547, 548, 549 and 550 of the Bankruptcy Code, or under applicable non-bankruptcy law, for the recovery of avoidable preferences, fraudulent transfers or other conveyances. For avoidance of doubt, the Plan shall not be construed as a waiver of



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

any potential claims including, but not limited to, against any potential third parties with respect to any post-petition transfers and/or any potential claims against insiders.

## ARTICLE VIII.
## MISCELLANEOUS PROVISIONS

### A. Vesting of Assets

All assets of the Estate shall be vested in the Debtor in accordance with 11 U.S.C. § 1141, and no further order of the Court shall be necessary for the Debtor to perform such acts as are within the ordinary scope of its business and/or necessary to carry out the purposes and intent of this Plan.

### B. Unnegotiated Distribution Checks

Pursuant to § 347 of the Bankruptcy Code, ninety (90) days after any distribution to any unsecured creditor by the Debtor provided for herein, the Debtor shall stop payment on any check on such distribution remaining unpaid to a holder of an Allowed Claim and funds shall be returned to the Debtor. From and after the date the Debtor stops payment on any distribution check pursuant to this paragraph, the holder of the claim on account of which such check was issued shall be entitled to receive no further distributions on account of his claim and such holder's Allowed Claim shall thereupon be deemed satisfied in full.

### C. Mailing List; Returned Distribution Checks

The official listing of creditor identities and mailing addresses is maintained by the Clerk of the Bankruptcy Court, United States Bankruptcy Court, Eastern District of Washington, 904 W Riverside Ave Ste 304, Spokane, WA 99201 (the "Official Mailing List"). It shall be the obligation of each creditor and/or party in interest to assure that the Official Mailing List is current and accurate as to each such person or entity. In the event that a distribution check, that has been properly posted to the creditor's address as set forth in the Official Mailing List, is returned as undeliverable by the United States Postal Service, the Debtor shall be authorized, but not required, to void such check with the applicable funds becoming subject to further distribution pursuant to this Plan, and the claim of such creditor being deemed satisfied in full.

### D. Administrative Claim Bar Date

The deadline for submission of all claims entitled to priority pursuant to § 507(a)(2) of the Bankruptcy Code incurred prior to Confirmation, with the exception of fees and costs of Professionals, shall be thirty (30) days following the Effective Date. Failure to file a claim by this date shall conclusively bar the claimant from asserting his claim, which claim shall be forever discharged.



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## E. Employment of Professionals

The Debtor shall be authorized to employ and compensate Professionals following Confirmation upon such terms as the Debtor deems reasonable and appropriate without further notice or order of the Court.

## F. Payments Shall Be Timely

The Debtor shall timely make all payments required under this Plan. Without limiting the generality of the foregoing, the Debtor shall be responsible for the timely payment of quarterly fees incurred pursuant to 28 U.S.C. § 1930(a)(6) following confirmation of the Plan until the case is closed. After confirmation of the Plan, the Debtor shall serve on the United States Trustee quarterly a financial report for each quarter (or portion thereof) the case remains open. The financial report shall include a statement of all disbursements made during the course of the relevant quarter, whether or not pursuant to the Plan.

## G. Treatment of Negotiable Instruments

Except as otherwise provided in the Plan, any negotiable instrument held by the holder of an Allowed Claim shall be deemed exchanged, canceled or satisfied, as the case may be, on the Effective Date.

## H. Stay of Confirmation Order Shall Not Apply.

The stay of enforceability of the order of Confirmation pursuant to Bankruptcy Rule 3020(e) shall not apply, and the order of Confirmation shall be enforceable according to its terms absent further order of the Court.

## I. Event of Default; Consequence of Default

An event of default shall occur if the Debtor shall fail to comply with a material provision of this Plan. In such an event, the party alleging such default shall provide written notice of the alleged default to the Debtor and the attorneys for the Debtor, at the following addresses:

Patrick Turner
Spokane Industries LLC
3808 North Sullivan Road, Building #1
Spokane Valley, WA 99216
pturner@spokaneindustries.com

With copy to:



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Christine M. Tobin-Presser
Thomas A. Buford
Shane E. Creason
Bush Kornfeld LLP
601 Union Street, Suite 4630
Seattle, WA 98101-2373
Phone: 206-292-2110
Fax: 206-292-2104
Email: ctobin@bskd.com; tbuford@bskd.com; screason@bskd.com

If, after thirty (30) days following the Debtor's and its counsel's receipt of the notice of default, the Debtor and such party have been unable to resolve, or the Debtor has been unable to cure, the asserted default, such party may proceed with any remedies available to it under applicable law, provided that nothing herein shall limit or affect the Debtor's right to seek appropriate relief from any court of competent jurisdiction.

## ARTICLE IX.
## SATISFACTION OF INDEBTEDNESS AND DISCHARGE OF CLAIMS

Except as specifically provided in this Plan or in the Confirmation Order, the distribution made to the various classes of creditors as provided for in this Plan shall be in full and complete satisfaction of their Allowed Claims and Allowed Interests. Except as specifically provided in this Plan or the Confirmation Order, Confirmation shall operate, upon the Effective Date, as a discharge of any and all debts and claims as defined in § 101(5) of the Bankruptcy Code against the Estate or the Debtor that arose at any time prior to the Effective Date. The discharge of the Debtor and the discharge of claims against the Debtor shall be effective as to each claim, regardless of whether or not (a) the claim was scheduled, (b) a proof of claim was filed, (c) the claim is an Allowed Claim, or (d) the holder thereof voted to accept the Plan.

## ARTICLE X.
## MODIFICATIONS OF THE PLAN

Pursuant to the provisions of § 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Debtor reserves the right to modify or alter the provisions of the Plan at any time prior to or subsequent to Confirmation.

## ARTICLE XI.
## RETENTION OF JURISDICTION BY THE BANKRUPTCY COURT

Notwithstanding Confirmation, until entry of a final decree, the Bankruptcy Court shall retain jurisdiction to ensure that the purposes and intent of the Plan are carried out. Without limiting the generality of the foregoing, the Court shall retain jurisdiction for the following purposes:



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1. Fixing and allowing any claim as a cost and expense of the administration of the Bankruptcy Case;

2. Re-examining any claim that has been allowed;

3. Hearing and determining objections to claims. The failure of the Debtor to object to, or to examine any claim for the purpose of voting, shall not be deemed to be a waiver of the Debtor's right to object to or re-examine any claim in whole or in part;

4. Hearing and determining any action brought by the Debtor on behalf of the Estate seeking to avoid any transfer of an interest of the Debtor in property, or any obligation incurred by Debtor, that is avoidable pursuant to applicable law;

5. Hearing and determining all causes of action, controversies, disputes, or conflicts between or among the Debtor, and any other party, including those that were pending prior to Confirmation;

6. Hearing and determining all questions and disputes regarding title to the property of the Estate;

7. Correcting any defect, curing any omission, or reconciling any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purpose and intent of the Plan;

8. Hearing and determining any action brought by the Debtor seeking protection from actions of creditors, or other parties-in-interest;

9. Issuing any order necessary to implement the Plan or Order of Confirmation, including, without limitation, such declaratory and injunctive orders as are appropriate to protect the Debtor and its Estate from actions of creditors, or other parties-in-interest;

10. Hearing and determining any dispute relating to the terms or implementation of the Plan or Order of Confirmation, or to the rights or obligations of any parties-in-interest with respect thereto;

11. The modification of the Plan after Confirmation pursuant to the Bankruptcy Rules and the Bankruptcy Code in accordance with Article X above; and

12. Hearing and determining any motion by the Debtor for sale of property of the estate.



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## ARTICLE XII.
## ENTRY OF CLOSING ORDER BY THE BANKRUPTCY COURT

The Bankruptcy Court shall enter an order concluding and terminating the Bankruptcy Case upon application of the Debtor.

RESPECTFULLY SUBMITTED this 16th day of October, 2026.

SPOKANE INDUSTRIES LLC

By___/s/ Patrick Turner________
Patrick Turner
Its Managing Member



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 4630
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104