Laurie M. Thornton, WSBA #35030
Daniel R. Kubitz, WSBA #55512
Schwabe, Williamson & Wyatt, P.C.
1420 5th Ave, Suite 3400
Seattle WA 98101
Telephone: 206-622-1711
Facsimile: 206-292-0460

The Honorable Frederick P. Corbit
Chapter 11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re<br><br>SPOKANE INDUSTRIES, LLC,<br><br>Debtor. | Case No. 26-00116-FPC11<br><br>NOTICE OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS' PROPOSED LETTER TO CLASS 7 CREDITORS |

**PLEASE TAKE NOTICE** that attached hereto is the proposed letter to Class 7 Claimants of the Official Committee of Unsecured Creditors.

Dated October 19, 2026.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: */s/ Laurie M. Thornton*
Laurie M. Thornton WSBA # 35030
Email: lthornton@schwabe.com
Daniel R. Kubitz, WSBA #55512
Email: dkubitz@schwabe.com

*Attorneys for the Official Committee of Unsecured Creditors*

October 19, 2026

**Laurie M. Thornton**
D: 206-407-1596
C: 206-247-4670
lthornton@schwabe.com

RE: *In re Spokane Industries LLC*

Bankruptcy Case No. 26-00116-FPC11
Disclosure Statement & Plan of Reorganization & Solicitation of Votes

Dear General Unsecured Creditor:

I am writing to you as the Court-approved counsel of the Official Committee of Unsecured Creditors in the bankruptcy case of *In re Spokane Industries LLC*, Case No. 26-00116-FPC11 in the United States Bankruptcy Court for the Eastern District of Washington. Pursuant to the Section 1102 of the Bankruptcy Code, a committee to represent the interests of all unsecured secured creditors was appointed in March 2026 to appear in and monitor the Spokane Industries bankruptcy case, and my firm was selected by the Committee members as counsel.

Spokane Industries (also called the "Debtor") has now proposed its Plan of Reorganization ("Plan") and you have received by separate mail a package containing the Debtor's proposed Plan that sets forth the Debtor's proposed terms of repayment to creditors, including yourself, a Disclosure Statement further explaining the terms of the Plan and a ballot which you can complete and return in order to vote for or against the Plan.

If the Bankruptcy Court approves and confirms the Plan, the Plan becomes binding as the new terms for repayment between the Debtor and all its creditors as to all its obligations and debts incurred before it filed bankruptcy on January 23, 2026, including yours. There are several legal standards the Debtor must meet in order to obtain confirmation of its proposed Plan, including the receipt of votes from sufficient creditors or making a showing the Plan is otherwise fair and equitable to creditors.

One of the standards is that for a Debtor's owners to retain their ownership interest in the company, normally they have to repay all creditors in full. Here, the Debtor's owner is Antectic, Inc., which is in turn owed by Patrick and Lisa Turner. However, the Debtor's financial performance has been insufficient to demonstrate it will be able to repay all of its creditors in full over the five year timeline the Plan requires. Instead, the Debtor is proposing to make reduced payments totaling $1.5 million over five years (unsecured debt began at over $8 million, making this roughly 15 to 20 cents on the dollar if every payment is made, depending on the final amount of allowed claims) with the hope that its operations rebound enough to have excess cash in future years from which the Debtor will make additional payments to general unsecureds. The Debtor provides no estimate

or guarantee of what any additional payment may be, though. On the Debtor's own five-year projections, the formula would not produce an additional payment in any year of the Plan.

If the general unsecured class (Class 7, which includes your claim) does not accept those terms, the Debtor proposes an alternative under which the Turners will make a $250,000 payment to the company (not to unsecured creditors) in order to keep their ownership interest, and general unsecured creditors like yourselves will only receive any payment if the Debtor has sufficient excess cash in future years to make the additional payments as previously described (essentially the $1.5 million in fixed payments goes away). Which of these two alternatives applies depends on how general unsecured creditors cumulatively vote as a class (more than half in number and at least two-thirds in dollar amount of those who return ballots).

These terms are very disappointing to the Committee which began the case with much higher hopes for recovery of funds for general unsecured creditors; the Committee regards these terms as inadequate and has said so to the Debtor, in writing and in open court. At this time, the Committee does not take a position in support of or against the Debtor's Plan. The Committee, through our law firm, continues to negotiate with the Debtor to try to achieve better payment terms for general unsecureds (although ever reaching 100% recovery is highly unlikely). If we are able to reach an agreement between now and the court hearing on confirmation of the Plan, we would send out a revised communication letting you know of the revised proposed payment terms and urge your acceptance at that time. Because a cast vote can be changed only with the Court's permission, you may wish to wait to vote, but be mindful to send your ballot with sufficient time to be received before the voting deadline.

As a reminder, the Plan only addresses the Debtor's pre-bankruptcy obligations to you. Amounts the Debtor has incurred to you since January 23, 2026 are not impacted by the Plan and are generally entitled to be pad in full under the Bankruptcy Code. If you have continued to trade with the Debtor, or want to going forward, repayment terms are subject to whatever you have arranged with the Debtor.

Please feel free to reach out if you have any questions.

Best Regards,

SCHWABE, WILLIAMSON & WYATT, P.C.

Laurie M. Thornton